UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PETER GRIFFIN,<br><br>Defendant. | Case No. 22cr1824-JO<br><br>[PROPOSED] ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Indictment the United States sought forfeiture of all right, title and interest, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), of any property, real and personal, of Defendant PETER GRIFFIN, which constitutes and is derived from proceeds traceable to violations Title 18, United States Code, Sections 371, 1952, 1349, 1343, 1014, and 1957 as alleged in Counts 1 through 20 and 22.

WHEREAS, on or about April 4, 2023, Defendant pled guilty before Magistrate Judge Karen S. Crawford to Counts 1 (ITAR Conspiracy, in violation of 18 U.S.C. § 371), 16 (Conspiracy to Commit Wire Fraud Affecting a Financial Institution, in violation of 18 U.S.C. § 1349), and 19 (Monetary Transaction in Criminally Derived Property, in violation of 18 U.S.C. § 1957) of the Indictment, which pleas included consents to the forfeiture allegations of the Indictment, and consent to all properties seized in connection with this the case, including all properties seized from all co-defendants, and agreement to pay and

1  forfeit to the United States the amount of $269,000.00 in U.S. dollars as proceeds traceable
2  to the offense set forth in Count 1, which forfeiture shall be included and incorporated as
3  part of the judgment in this case, and the following specific properties, which Defendant
4  agrees are forfeitable to the United States pursuant to Title 18, United States Code, Sections
5  981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and Title 28, United States Code, Section
6  2461(c):

   a. $6,997.00 in United States Currency;
   b. $7,200.00 in United States Currency;
   c. $38,109.00 in United States Currency;
   d. One (1) red 2017 Honda Accord Sport, VIN: 1HGCR2F52HA027726;
   e. Up to $10,000.00 from JP Morgan Chase account ending in 1925;
   f. One (1) Cartier Ballon Blue 33mm ss/18 Reg DIA Bezel DIA Watch Marked 3753110450UX/WE902077; and

WHEREAS, on May 1, 2023, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and forfeiture addendum, the Court finds that the United States has established the requisite nexus between the forfeited properties and money judgment, and the offenses; and

WHEREAS, Defendant has agreed that the provisions for the substitution of assets as provided in 21 U.S.C., § 853(p) exist and has agreed the United States may take actions to collect the forfeiture money judgment; and

WHEREAS, the following properties were transferred or otherwise disposed of by Defendant to parties and locations unknown:

   d. One (1) red 2017 Honda Accord Sport, VIN: 1HGCR2F52HA027726;
   e. Up to $10,000.00 from JP Morgan Chase account ending in 1925;
   f. One (1) Cartier Ballon Blue 33mm ss/18 Reg DIA Bezel DIA Watch Marked 3753110450UX/WE902077.

WHEREAS, on or about March 25, 2021, the $7,200.00 in United States Currency was administratively forfeited in the Southern District of California by Homeland Security

Investigations ("HSI"); and

WHEREAS, on or about April 20, 2021, the $38,109.00 in United States Currency was administratively forfeited in the Southern District of California by HSI; and

WHEREAS, on or about February 8, 2023, the $6,997.00 in United States Currency was administratively forfeited in the Southern District of California by HSI; and

WHEREAS, pursuant to Rule 32.2(b), the United States has requested the authority to take custody of the above-referenced specific properties, which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to Defendant through his attorney of record, to review, and have received no objections;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based on the guilty plea to Count 1 of the Indictment, Defendant PETER GRIFFIN shall forfeit to the United States the sum of $269,000.00 in the form of a personal forfeiture money judgment against him pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) representing the proceeds he received from his involvement in the offense set forth in Count 1. The forfeiture money judgment is in favor of the United States against Defendant PETER GRIFFIN, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961, from the date of sentencing.

2. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture money judgment and collecting and enforcing it; and

3. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced.

4. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

5. Based upon the guilty pleas of Defendant to Counts 1, 16, and 19 of the Indictment, all right, title, and interest of Defendant PETER GRIFFIN in the following properties are hereby forfeited to the United States. As to these properties, the United

States has determined they were transferred or otherwise disposed of by Defendant to unknown third parties and locations are unknown. No third-party proceedings are required as to these items:

    d. One (1) red 2017 Honda Accord Sport, VIN: 1HGCR2F52HA027726;

    e. Up to $10,000.00 from JP Morgan Chase account ending in 1925;

    f. One (1) Cartier Ballon Blue 33mm ss/18 Reg DIA Bezel DIA Watch Marked 3753110450UX/WE902077.

6. Based upon the guilty pleas of the Defendant to Counts 1, 16, and 19 of the Indictment, all right, title, and interest of Defendant PETER GRIFFIN in the following properties, are hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(1)(A) and Title 28, United States Code, Section 2461(c):

    a. $6,997.00 in United States Currency;

    b. $7,200.00 in United States Currency; and

    c. $38,109.00 in United States Currency.

7. The Court reaffirms the completed administrative forfeiture proceedings as to the aforementioned assets and therefore no ancillary proceedings or further forfeiture actions are required for the assets.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

DATED: 10/13/2023

Honorable Jinsook Ohta
United States District Judge